IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA

V.                                               CASE NUMBER: 4:22CR-40001-005

BONITA LOIS MARTIN

## MOTION TO SEVER AND BRIEF IN SUPPORT

Comes now the Defendant, BONITA LOIS MARTIN, through undersigned counsel and for her Motion to Sever and her incorporated Brief in Support thereof, states:

Defendant Martin is charged in a single count of a 5-count Superseding Indictment with conspiracy to distribute controlled substances without a legitimate prescription in violation of 21 U.S.C. § 846. (Doc. 79). Ms. Martin is one of thirteen defendants named in the Superseding Indictment, which was filed on April 20, 2022. (*Id.*). The trial of this matter was recently continued to February 12, 2024.

**I.     Improper Joinder—Fed. R. Crim. P. 8(b)**

Ms. Martin asserts that joinder of defendants in the Superseding Indictment was improper under Federal Rule of Criminal Procedure 8(b) for the reasons set forth in Section I of the Motion to Sever and Incorporated Brief filed by separate defendant Tawnya Lansdell on March 9, 2023, which is incorporated herein by reference as if set forth word for word. (*See* Doc. 166, pp. 2-6). In summary, the propriety of the joinder of multiple defendants is governed by Rule 8(b), *United States v. Jones*, 880 F.2d 55, 61 (8th Cir. 1989), and the propriety of joinder must appear on the face of the indictment, *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). Rule 8(b) does not allow

1

for joinder on the basis of the "similar character" of the offenses charged, but instead requires that the indictment indicate that the defendants charged are alleged to have participated in the same series of acts or transactions. *See Jones*, 880 F.2d at 61. "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses . . . . In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all participated." *United States v. Bledsoe*, 674 F.2d 647, 656 (8th Cir. 1982), *abrogated on other grounds by United States v. Lane*, 474 U.S. 438 (1986). Here, Ms. Martin is charged only in Count One, and there are no facts alleged in the Superseding Indictment that suggest that she had any involvement in or knowledge of any of the other charged offenses; there are no facts alleged in the Superseding Indictment suggesting the existence of some overarching scheme that involved all named defendants. Again, it must be apparent from the face of the indictment that joinder is proper. Accordingly, joinder was improper, and severance is required.[1]

## II.     Prejudicial Joinder—Fed. R. Crim. P. 14

Ms. Martin further asserts that, even if this Court were to find joinder of defendants

---

[1] Although the Government has noted in its response to Ms. Lansdell's Motion to Sever that there is a "strong presumption in favor of joinder," (*see* Doc. 168, p. 3), such a presumption only applies when joinder has been shown to be proper under Rule 8. *See United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005) (citing *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996)). This presumption is perhaps better viewed as a one against severance, as it is only applied when a court is exercising its discretion to sever properly joined defendants or counts pursuant to Rule 14. Because joinder is improper under Rule 8, the presumption in favor of joinder does not apply here.

to be proper, she will suffer prejudice if the trial of Count One is not severed from the trial(s) of the remaining counts pursuant to Federal Rule of Criminal Procedure 14. Because Ms. Martin is not mentioned in any of Counts Two through Five of the Superseding Indictment, and because Count One is completely unrelated to Counts Two through Five, none of the evidence introduced at trial concerning Counts Two through Five would have any probative value regarding Ms. Martin's guilt or innocence as to Count One.   If all of the counts are presented to the jury in a single trial, it is likely that the jury will apply a negative inference against Ms. Martin based on incriminating evidence introduced in connection with the four counts in the Superseding Indictment that have nothing to do with Ms. Martin—in other words, the jury may very well find Ms. Martin to be "guilty by association" just because she has been put on trial along with separate defendants accused of committing other offenses in which she is not implicated.   There is also a serious risk that the jury will be confused and unable make a reliable judgment about Ms. Martin's guilt or innocence because of the number of defendants and the number and complexity of the charged offenses involved in the case.   *See United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008).   For these reasons, severance would be appropriate even if joinder were found to be proper.

      WHEREFORE, Defendant, Bonita Lois Martin, respectfully requests that her Motion to Sever be granted and for any and all other relief to which she may be entitled.

3

        Respectfully submitted,

        BRUCE D. EDDY
        FEDERAL PUBLIC DEFENDER
        WESTERN DISTRICT OF ARKANSAS

By:   /s/ Alex Wynn
        Alex Wynn
        Assistant Federal Public Defender
        100 E. Peach Street, Suite 320
        El Dorado, AR 71730
        (479) 249-8648

        Counsel for Defendant

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Ms. Anne Gardner, Assistant United States Attorney and all CM/ECF parties registered in the case; and a copy of this pleading was mailed by the United States Postal Service to: none.

        /s/ Alex Wynn
        Alex Wynn